IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CHRISTIAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1673 |
| | : | |
| COMMONWEALTH OF PA, | : | |
|     Defendant. | : | |

<u>**MEMORANDUM**</u>

**BAYLSON, J.**                                                                                                   **MAY 31, 2022**

Plaintiff Julio Christian, a prisoner currently incarcerated at SCI-Rockview, initiated this civil action pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania. (Compl. at 1.)[1] Christian submitted his Complaint[2] to the Court without either paying the fees to commence this civil action or filing a motion to proceed *in forma pauperis*. For the following reasons, the Court will deny any request for Christian to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and require that he pay the full filing fee if he wishes to continue with his case.

**I.      BACKGROUND**

In his Complaint, Christian asserts that property in the amount of $54,700.00 was seized from 2943 W. Gordon Street following a search of the residence on January 19, 1985. (Compl. at 1.) Christian contends, *inter alia*, that the property was not returned, and there was no probable cause for the seizure. (*Id.*) Christian has signed his pleading as a "THIRD PARTY"

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

[2] Julio Christian mailed a document to the Clerk of Court entitled "Restraining Order Proceeding." In accordance with its responsibilities under Federal Rule of Civil Procedure 5, the Clerk of Court docketed Christian's letter as a Complaint in a new civil action on April 28, 2022 and assigned the matter to the undersigned for review.

and, although it is not entirely clear to the Court, appears to assert "an interest in restrained or potentially restrainable property." (*Id.*) Christian also "seeks to participate in the associated restraining order proceeding" and contends that he "is not barred from participating in the preforfeiture [sic] proceeding." (*Id.*)

Public dockets from the Court of Common Pleas of Philadelphia County reflect that on January 19, 1985, Christian was arrested on various drug charges and criminal conspiracy. *See Commonwealth v. Christian*, Docket No. CP-51-CR-0349821-1987 (Phila. Cty. Court of Common Pleas). On August 27, 1987, Christian pled guilty to the charges and was sentenced to a term of imprisonment. (*Id.*) This conviction does not appear to have been vacated or invalidated, and notably missing from Christian's Complaint is any allegation that this conviction was ever set aside by any court.

## II.     STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).[3]

---

[3] In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *Abdul-Akbar*, 239 F.3d at 312 (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

**III.   DISCUSSION**

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11, 314 (noting that "[i]n stark terms," the PLRA "declared that the IFP privilege will not be available to prisoners who have, on three occasions, abused the system by filing frivolous or malicious lawsuits or appeals, no matter how meritorious subsequent claims may be"). "[A] strike under § 1915(g) will accrue only if the

3

entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

Christian has a history of litigating meritless claims in this District as well as the United States District Court for the Middle District of Pennsylvania. *See Christian v. Municipal Officers*, M.D. Pa. Civ. A. No 15-2342 (January 8, 2016 Memorandum Opinion and Order dismissing action without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Christian v. Pennsylvania Bd. of Prob. & Parole*, M.D. Pa. Civ. A. No. 13-2432, 2014 WL 131634 (M.D. Pa. Jan. 2014) (Jan. 13, 2014 Memorandum Opinion and Order that the Amended Complaint be dismissed without prejudice as legally frivolous because it is "based on an indisputably meritless legal theory"); and *Christian v. Abraham*, No. 09-3007, 2009 WL 2496323 (E.D. Pa. 2009) (August 13, 2009 Memorandum Opinion and Order dismissing case as "legally frivolous"). The Court concludes that the dismissals in the three civil actions identified above count as strikes against Christian. Each was filed while Christian was incarcerated, and each was dismissed in its entirety for one of the reasons listed in § 1915(g). Accordingly, Christian may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought his Complaint.

The "imminent danger" exception serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. The

imminent danger exception thus creates a narrow opening for a particular type of claim; it does not give prisoners a license to swamp the court with claims whenever they successfully state a claim of imminent danger. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (concluding that the exception's "unmistakable purpose is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger," not to allow such a litigant to "file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy"). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999)) (internal quotation marks omitted). Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Finally, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g); *see also Ball*, 726 F.3d at 468 (suggesting that certain complaints, such as being forced to work in inclement weather, "may not be 'danger' at all") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). When considering whether imminent danger of serious physical injury has been alleged, courts may reject "vague" or "conclusory" allegations as insufficient to provide a basis for IFP status. *Id.*

None of Christian's allegations plausibly suggest that he was in imminent danger of serious physical injury, as is required by § 1915(g). Christian asserts, *inter alia*, that "property" was seized on January 19, 1985 without probable cause. (Compl. at 1.) There are no allegations

that Christian is in imminent danger of serious physical harm. Accordingly, Christian cannot qualify for the imminent danger exception. Since Christian is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted his Complaint, the Court will require him to pay the fees to commence this civil action.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Christian may not proceed *in forma pauperis* in this case in accordance with 28 U.S.C. § 1915(g). Should Christian desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**